# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1529V

MARICELLA GARCIA,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: January 8, 2026

*Jessica Anne Olins, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 2, 2019, Maricella Garcia filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") which meets the Table definition for SIRVA related to the influenza vaccine she received on November 2, 2018. Petition at ¶¶ 3, 15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 15, 2021, I issued a ruling on entitlement, finding Petitioner entitled to compensation for her SIRVA. ECF No. 39. After the parties reached an impasse in their damages discussions, I issued a partial damages ruling on March 21, 2025, finding

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner entitled to $190,000.00 for past pain and suffering. ECF No. 81. I also instructed the parties to engage in damages discussion, in an attempt to reach an agreement on the remaining categories of compensation, specifically lost wages and unreimbursed expenses. *Id.* at 12-13.

On January 7, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner also should be awarded $155,581.42, representing $9,750.42 for past unreimbursable expenses and $145,831.00 for past lost wages. Proffer at 2, ECF No. 93. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* He also stated he "does not waive his right to seek review of the Court's Partial Ruling on Damages." *Id.* at 2 n.1. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer and the Partial Damages Ruling issued on March 21, 2025, **I award Petitioner a lump sum payment of $<u>345,581.42</u>, representing $190,000.00 for actual pain and suffering, $9,750.42 for actual unreimbursable expenses, and $145,831.00 for actual lost wages, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

MARICELLA GARCIA,

                Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.

Case No. 19-1529V (ECF)

CHIEF SPECIAL MASTER
CORCORAN

## PROFFER ON AWARD OF COMPENSATION

## I.    Procedural History

On October 2, 2019, Maricella Garcia ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza ("flu") vaccination received on November 2, 2018. Petition at 1-2, ¶¶ 2-3.

On March 15, 2021, respondent filed his Rule 4(c) Report, conceding entitlement in this case because petitioner met the criteria to establish a presumptive Table SIRVA injury. ECF Doc. No. 38 at 1, 9. On March 15, 2021, the Court issued its Ruling on Entitlement, finding that petitioner was entitled to compensation. ECF Doc. No. 39.

On March 21, 2025, after the parties were unable to resolve damages and after briefing, the Court issued a Partial Ruling on Damages. ECF Doc. No. 81. The Court

awarded $190,000.00 for pain and suffering and ordered the parties to revisit the other damages items.[1]  *Id.* at 12-13.

## II.      Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

### A.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$9,750.42.**  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

### B.  Lost Earnings

Evidence supplied by petitioner documents that she incurred lost earnings related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of **$145,831.00**.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

Aside from the amount already awarded by the Chief Special Master in his March 21, 2025 Partial Ruling on Damages, these amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

---

[1]  Respondent does not waive his right to seek review of the Court's Partial Ruling on Damages.

2

## III.    Form of the Award/Recommended Payment

Aside from the amount already awarded by the Chief Special Master in his March 21, 2025 Partial Ruling on Damages, the parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

> A lump sum payment of **$155,581.42**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Maricella Garcia.

> Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

s/ *Mark K. Hellie*

MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 616-4208
E: mark.hellie@usdoj.gov

DATED:  January 7, 2026